[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-15081
Non-Argument Calendar

_____

D.C. Docket No. 7:14-cr-00005-HL-TQL-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRAVIS KESHAWN JONES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(May 8, 2015)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Travis Keshawn Jones appeals his 12-month statutory maximum sentence, imposed as an upward variance from the applicable guideline range, after he was

convicted of one count of possession of marijuana, in violation of 21 U.S.C. § 844(a). Jones argues that his sentence was substantively unreasonable and that his sentence was greater than necessary to comply with the requirements of 18 U.S.C. § 3553(a). After thorough review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)). The party challenging the sentence bears the burden to show it is unreasonable. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

In reviewing the "'substantive reasonableness of [a] sentence imposed under an abuse-of-discretion standard,'" we consider the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a).[1] The district court must evaluate all of the § 3553(a) factors when arriving at a sentence, but is permitted to attach "great weight" to one factor over the others.

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Gall, 552 U.S. at 57.  "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted).  The sentencing judge is in a superior fact-finding position because he "sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record."  Gall, 552 U.S. at 51 (quotation omitted).

When the district court decides after "serious consideration" that a variance is in order, based on the above § 3553(a) factors, it should explain why that variance "is appropriate in a particular case with sufficient justifications."  Id. at 46-47.  The court's justification must be "compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review," but an "extraordinary justification" is not required for a sentence outside the guidelines range.  United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir. 2009) (quotations omitted).  In imposing an upward variance, the district court may rely on facts that already were considered in determining the guideline range.  United States v. Rodriguez, 628 F.3d 1258, 1264 (11th Cir. 2010).

In Rodriguez, we held that a sentence for violating the Computer Fraud and Abuse Act use was not unreasonable where the district court varied upward to

reflect the seriousness of the offense, to promote respect for the law, and to protect the public from future criminal conduct, and imposed a 12-month statutory maximum sentence where the guideline range was 0 to 6 years. Id. at 1262-65. Similarly, in Shaw, we held that a sentence for possession of a firearm arm by a convicted felon was not unreasonable where the district varied upward, based on the defendant's prior criminal conduct and the § 3553(a) factors, and imposed a statutory maximum 120-month sentence where the guideline range was 30 to 37 months. 560 F.3d. at 1232, 1241.

Here, Jones has failed to meet his burden to show that his sentence is substantively unreasonable. As the record shows, his guideline range was zero to six months, and the district court imposed an upward variance, resulting in a sentence of 12 months. The court explained that it was imposing an upward variance based on Jones's prior criminal conviction for possession of marijuana within the past 24 months and, in its statement of reasons, further explained that it relied on several of the § 3553(a) factors and on Jones's previous possession of cannabis charge. In addition, the court said that it had considered all of the § 3553(a) factors before imposing Jones's sentence. On this record, the court provided sufficient justifications to support Jones's 12-month sentence. Moreover, the court was permitted to attach greater weight to certain § 3553(a) factors in determining that an upward variance was warranted, even though Jones's prior

4

criminal convictions were already considered in determining his guideline range. Finally, we have upheld similar sentences -- imposed at the statutory maximum -- in previous cases.  See Rodriguez, 628 F.3d at 1262-65; Shaw, 560 F.3d at 1241. Accordingly, the district court did not abuse its discretion in imposing a 12-month statutory maximum sentence.

**AFFIRMED**.